**Opinion issued April 21, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00637-CR

————————————

**JOSHUA ADAN LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1398810**

---

## MEMORANDUM OPINION

Appellant, Joshua Adan Lopez, pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon, without an agreed punishment recommendation from the State, pending a pre-sentence investigation ("PSI") report. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West Supp. 2015). Following a PSI

report and hearing, the trial court assessed appellant's punishment at ten years' confinement on July 1, 2014. This sentence is within the applicable sentencing range. *See id.* § 12.33(a) (West Supp. 2015). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that she has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, appellant's counsel has informed us that she

also sent a copy of the record to appellant for his review. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed any *pro se* response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

We note appellant's counsel's brief pointed out that the trial court's judgment erroneously contains the boilerplate language in the following special finding: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." To the extent appellant requests that we reform the judgment to remove this special finding, we

3

grant the request because the record supports the trial court's certification that appellant has the right of appeal because this was not a plea-bargain case. *See Alcaraz v. State*, Nos. 01-14-00675-CR, 01-14-00676-CR, 2015 WL 7783512, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2015, pet. filed) (sustaining appellant's request to reform judgment to remove special finding of waiver of right to appeal because he pleaded guilty without agreed recommendation and, thus, case was not plea-bargain case) (citing, *inter alia*, *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment . . . to make the record speak the truth . . . .")).

**CONCLUSION**

Accordingly, we **affirm** the judgment of the trial court, as modified to remove the special finding that states "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED[,]" and **grant** counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(b).[1] Attorney Cheri Duncan must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

### PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.